**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4608**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

KAZEAM PAGE,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00339-WO-2)

_____

Submitted:  June 25, 2024                                        Decided:  June 27, 2024

_____

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Edward Eldred, PARRY LAW, PLLC, Chapel Hill, North Carolina, for Appellant.  Nicole Royer DuPre, Assistant United States Attorney, Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kazeam Page appeals his conviction and 60-month sentence imposed following his guilty plea to possession of a firearm while under felony indictment, in violation of 18 U.S.C. §§ 922(n); 924(a)(1)(D).  On appeal, Page's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the validity of the plea and the reasonableness of the sentence. Though notified of his right to do so, Page has not filed a pro se supplemental brief.  The Government has declined to file a response brief.  We affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).  The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis.  Fed. R. Crim. P. 11(b)(2), (3).  Because Page did not preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error.  *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).  Based on our review of the record, we conclude that Page's guilty plea was knowing, voluntary, and supported by an independent basis in fact.

Next, we review Page's sentence for procedural reasonableness, applying a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In doing so, we consider whether the district court properly calculated the defendant's

2

Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Here, the district court imposed a procedurally reasonable sentence by correctly applying the Guidelines, allowing the parties to advocate for an appropriate sentence, and thoroughly explaining its sentencing decision with reference to the § 3553(a) factors. Finally, we discern nothing in the record that rebuts the presumption of substantive reasonableness accorded to Page's within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Page, in writing, of the right to petition the Supreme Court of the United States for further review. If Page requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Page.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*